[No. 3299. Decided June 19, 1899.]

*In the Matter of the Application of* John E. Foye *for a Writ of Habeas Corpus.*

APPELLATE JURISDICTION—HABEAS CORPUS PROCEEDINGS.

An appeal lies to the supreme court from a judgment remanding a prisoner on habeas corpus, under Bal. Code, § 6500, authorizing an appeal "in any action or proceeding," and Bal. Code, § 5739, declaring that a judgment in a special proceeding is a final determination of the rights of the parties therein.

BAIL—RIGHT TO IN EXTRADITION CASES.

Bail is not authorized pending appeal in habeas corpus proceedings in extradition cases, under the statutory provision that a writ may issue for the purpose of admitting a party to bail who is charged with an offense against the laws of the state.

HABEAS CORPUS—ISSUE IN EXTRADITION CASES.

The only question in habeas corpus proceedings in an extradition case is to determine whether the conditions prescribed by

the United States constitution and laws of congress have been complied with.

EXTRADITION—SUFFICIENCY OF WARRANT.

An extradition warrant is valid where it shows upon its face a compliance with the provisions of U. S. Rev. St., § 5278, requiring the accused to be demanded as a fugitive from justice by the executive of the state from which he fled, the demand to be accompanied by a copy of the indictment found, or of an affidavit made before a magistrate charging him with the commission of a crime in the demanding state, and certified by the executive of that state to be authentic.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*John F. Dore, Charles K. Jenner* and *Solon T. Williams,* for appellant.

*Piles, Donworth & Howe, James F. McElroy* and *John B. Hart,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The appellant, John E. Foye, applied to the superior court of King county for a writ of *habeas corpus,* alleging that he was illegally restrained of his liberty by one Michael Morrissey, a police officer of the city of Boston, commonwealth of Massachusetts, and setting forth the pretense and cause of such restraint. The writ was issued and served on the respondent, Michael Morrissey, who thereupon made return thereto that the appellant, Foye, was in his custody, at the time the writ of *habeas corpus* was served upon him, by virtue of a warrant issued by his excellency, the governor of this state, on a requisition of the governor of the commonwealth of Massachusetts; that the appellant was, on the first Monday of March, 1899, indicted by a grand jury duly impaneled and sworn in the county of Suffolk, in the commonwealth of Massachusetts, for the crime of corrupting a juror in the trial of a certain cause before the superior court of said commonwealth in said county, wherein the commonwealth was plaintiff and one Mulray and one Scollins were

defendants; that, immediately after the return of said indictment, the petitioner left the commonwealth of Massachusetts and fled to the state of Washington; that a warrant was issued on said indictment, and that the sheriff to whom it was directed made return thereon that he was unable to find the petitioner in said county; that petitioner is a fugitive from justice and has taken refuge in the state of Washington; that the respondent was duly appointed by the governor of Massachusetts as agent to receive and convey the petitioner to that commonwealth for trial upon said indictment; that the governor of Massachusetts duly made a requisition upon the governor of the state of Washington for the rendition of the petitioner as a fugitive from justice, which requisition was accompanied by a copy of the indictment and of the warrant aforesaid, duly certified as authentic by the said governor of Massachusetts; that, in compliance with said demand and requisition, the governor of the state of Washington issued his warrant, pursuant to law, authorizing the respondent to take and transport the petitioner from the state of Washington. A copy of the warrant of extradition, together with copies of the requisition of the governor of Massachusetts, and all proceedings in the court of that commonwealth in the premises, were attached to, and made a part of, the return. The petitioner traversed the return by a reply in which he alleged that he did not leave the state of Massachusetts and take refuge in the state of Washington; that he has resided in the state of Washington for the period of one year last past and during that time has been engaged in business in the state, and is a citizen thereof; that he denies having any connection, either directly or indirectly, with the bribing of a juror in the commonwealth of Massachusetts; that he is not acquainted with Charles H. Millikan of Chelsea in the county of Suffolk, who acted as a juror in the case of Commonwealth v. Richard Mulray

and Thomas Scollins; that the return of Michael J. Morrissey does not allege that the acts complained of were done before a court of competent jurisdiction, nor is there any showing that the grand jury who indicted petitioner were legally drawn and impaneled to find said indictment; nor does it show that the grand jury who returned the indictment were sworn to perform their duties as grand jurors; that the indictment made a part of the return of said Morrissey does not state an offense punishable under the laws of Massachusetts or the laws of Washington; nor does it allege facts sufficient to constitute a crime; that said indictment is not properly certified to by the court; that there is no allegation in the said return showing that the petitioner herein fled from justice; that petitioner was not in the commonwealth of Massachusetts at the conclusion of the trial of the case of Commonwealth v. Mulray and Scollins, and that no indictment was returned against him previous to his departure from the commonwealth of Massachusetts, nor had any complaint been filed against him; that the alleged prosecution of this case is founded on the statement made by one David C. Sullivan, who was charged with the crime of perjury in connection with the case of Commonwealth v. Mulray and Scollins; that the testimony of said Sullivan at the trial of Millikan is annexed hereto and marked as an exhibit, as is also the testimony of said Millikan, who is referred to in the indictment found against petitioner, and that the return of Morrissey does not show that any sworn evidence was produced to his excellency, the governor of Washington, as required by the laws of Massachusetts.

Upon the issues presented by the return and traverse thereto, a hearing was had before the Hon. Orange Jacobs, one of the judges of the superior court of King county, in which judgment was rendered remanding the petitioner to the custody of the respondent, as agent of the common-

wealth of Massachusetts. From this judgment the
petitioner has appealed to this court.

The learned counsel for the respondent moves to dismiss
the appeal on the ground that this court has no jurisdiction
to entertain this proceeding. It is claimed by counsel that,
inasmuch as the statute relating to *habeas corpus* does not
specially provide for appeals from judgments rendered
therein, such judgments are not subject to review by this
court. Several authorities are cited in support of counsel's
contention, among which is Church on Habeas Corpus, in
which it is said that the prevailing doctrine in the state
courts, in the absence of statutory provisions, is that a
judgment remanding a prisoner on *habeas corpus* is not
appealable, or subject to review, and that the doctrine of
*res judicata* has no application to such a case. Church,
Habeas Corpus (2d ed.), § 386.

It must be conceded that the majority of the courts
which have passed upon the question have announced the
doctrine contended for by counsel for the respondent; but
there have been many cases in which a contrary view has
been maintained. See 9 Enc. Pl. & Pr., pp. 1072, 1073,
and cases cited.

The courts which have denied the right of appeal in
*habeas corpus* proceedings have usually proceeded upon
the theory that a judgment in such a case is not final in its
character, and that the petitioner had the right to exhaust
the judicial power of the state by applying successively to
all of its courts. But, under our statutes, we think the
judgment in *habeas corpus* proceedings is a final judgment
and therefore subject to review upon appeal. Our statute
in relation to appeals to the supreme court is very broad
and comprehensive, and it is provided in the first section
thereof that "any party aggrieved may appeal to the
supreme court, in the mode prescribed by this act, from
any or every of the following determinations, and no

others, made by the superior court or a judge thereof in
any action or proceeding;" and it must be admitted that
*habeas corpus* is either an action or a proceeding. It is
classed in the code as a special proceeding, and the law
declares that "a judgment in a special proceeding is a final
determination of the rights of the parties therein." Bal.
Code, § 5739; Laws 1895, p. 115. In view of these pro-
visions, there seems to be no escape from the conclusion
that an appeal will lie from such a judgment in this pro-
ceeding. The motion to dismiss is therefore denied.

At the time the learned judge of the superior court re-
manded the appellant to the custody of the agent appointed
by the governor of Massachusetts, he also made an order
granting a supersedeas and admitting appellant to bail
pending this appeal. Respondent now moves this court to
vacate and set aside the orders last mentioned, and we are
of the opinion that this branch of the motion must be
granted. Neither the constitution of the United States nor
the law of Congress pertaining to the subject of extra-
dition, nor any law of this state, authorizes the giving of
bail in *habeas corpus* proceedings in extradition cases. It
is true that our statute provides that the writ may issue
for the purpose of admitting a party to bail who is charged
with an offense against the laws of this state, but that
statute is wholly inapplicable to cases where a party is in
custody by virtue of an extradition warrant. As was well
said in the case of *Ex Parte Erwin,* 7 Tex. App. 288, to
permit one arrested as a fugitive from justice to go at
large upon bail would be to put him in a situation to "defy
the mandate of the court and treat its judgment with con-
tempt."

If this were an ordinary action, it would not be set
down for hearing upon the merits until the regular October
session of this court, but, owing to the purpose, object and
character of the writ of *habeas corpus,* we have come to the

conclusion, after mature deliberation, that it is our duty to
proceed, as the statute indicates, in a "summary way,"
and determine the rights of the appellant at this time.
The return to the writ is full and specific, and we must
look to it and the reply thereto for the issuable facts in
the case.   The entire record is before us, and we are unable
to perceive how the rights of the appellant can in any way
be infringed or impaired by a speedy determination of the
questions involved.   If he is in fact illegally restrained
of his liberty, he is entitled to an immediate discharge.
But, on the contrary, if he is not so restrained, public
justice requires that he should be at once remanded to the
custody of the agent of the state of Massachusetts.   The
constitution of the United States ordains that a person
charged in any state with treason, felony or other crime,
who shall flee from justice and be found in another state,
shall, on demand of the executive authority of the state
from which he fled, be delivered up to be removed to the
state having jurisdiction of the crime.   Const. U. S., art 4,
§ 2.   This provision not being self-executing, Congress, on
February 12, 1793, passed an act to carry it into effect,
the substance of which is now embodied in § 5278 of the
Revised Statutes and which is as follows:

" Whenever the executive authority of any state or ter-
ritory demands any person as a fugitive from justice, of
the executive authority of any state or territory to which
such person has fled, and produces a copy of an indict-
ment found or an affidavit made before a magistrate of
any state or territory, charging the person demanded with
having committed treason, felony or other crime, certified
as authentic by the governor or chief magistrate of the
state or territory from whence the person so charged has
fled, it shall be the duty of the executive authority of the
state or territory to which such person has fled to cause
him to be arrested and secured, and to cause notice of the
arrest to be given to the executive authority making such
demand, or to the agent of such authority appointed to

receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing and transmitting such fugitive to the state or territory making such demand, shall be paid by such state or territory."

These provisions constitute the law applicable to the extradition of fugitives from justice, and all that the courts can do on *habeas corpus* proceedings is to determine whether the conditions prescribed by the constitution and laws of Congress have been complied with. It will be observed that there are three things requisite in order to authorize the executive authority of a state to extradite a fugitive from justice, and they are these: First, the accused must be demanded as a fugitive from justice by the executive of the state from which he fled; second, such demand must be accompanied by a copy of an indictment found, or an affidavit made, before a magistrate charging the fugitive with having committed a crime in the demanding state; and third, such copy of the indictment or affidavit must be certified by the executive of the demanding state to be authentic. An extradition warrant, in order to be valid, should show upon its face a compliance with these requisites and necessary conditions. In this instance the warrant, or mandate, issued by the governor of this state, recites:

" Whereas, it has been represented to me by His Excellency Roger Wolcott, Governor of the State of Massachusetts, that John E. Foye stands charged in said state with the crime of corrupting a juror by giving a bribe committed in the County of Suffolk in said state and is a fugitive from the justice of said state and has taken refuge in the State of Washington;

And whereas, the said Governor of the State of Massachusetts has pursuant to the constitution and laws of the

United States demanded of me that I cause the said John
E. Foye to be arrested and delivered to Michael J. Mor-
rissey, agent authorized to receive him into their custody
and convey him back to said State of Massachusetts;

And, whereas, said representation and demand are ac-
companied by affidavits, complaint, information, indict-
ment and warrant whereby the said John E. Foye is
charged with the said crime and being a fugitive from
the justice of the said state and having taken refuge in
the state of Washington, which are certified by said Gov-
ernor of Massachusetts to be duly authenticated.

Now, therefore, I, J. R. Rogers, Governor of the State
of Washington, do hereby authorize and empower Michael
J. Morrissey, the agent named in said demand, to take the
said John E. Foye wherever he may be found in this state,
and transfer him to the line thereof at the expense of the
said Commonwealth of Massachusetts.

And I hereby command all civil officers within the said
State of Washington to afford all needful assistance for
the execution of this warrant;" etc.

An inspection of this warrant will show that it recites
all of the conditions requisite to its issuance, and the ex-
hibits accompanying the same, and set forth in the return,
show the existence of every fact recited in the warrant.
In fact this warrant is hardly subject to criticism. It is
substantially similar to the one held to be sufficient in
*People v. Donohue,* 84 N. Y. 438; and none of its recitals
are disputed or disproved by appellant.

It follows, therefore, that appellant is not illegally re-
strained of his liberty, and the judgment of the lower court
is therefore affirmed, and it is ordered that the same be
forthwith executed.

GORDON, C. J., and DUNBAR, FULLERTON and REAVIS,
JJ., concur.