[No. 15277.  Department Two.  March 26, 1919.]

THE STATE OF WASHINGTON, *on the Relation of
J. Rheinstrom, Plaintiff*, v. J. T. RONALD,
*Judge, etc., Respondent.*[1]

HABEAS CORPUS (23)—ADMISSION TO BAIL PENDING APPEAL.  There
is no authority to admit to bail a person held on an extradition
warrant, pending an appeal from a judgment in habeas corpus pro-
ceedings, and the lower court will not be required to fix the amount
of a supersedeas bond in aid of such an appeal (FULLERTON, J., dis-
senting).

Application filed in the supreme court March 12,
1919, for an alternative writ of mandamus to require
the superior court for King county, Ronald, J., to fix
the amount of a supersedeas bond, or admit to bail,
pending appeal in habeas corpus proceedings.  De-
nied.

*R. J. Boryer* and *Wm. R. Bell,* for petitioner.
*Fred C. Brown* and *C. E. Claypool,* for respondent.

MOUNT, J.—This is an application to this court for
a writ of mandate requiring the superior court of
King county either to fix the amount of a supersedeas
bond in aid of an appeal in habeas corpus proceed-
ings, or to fix the amount of bail upon the giving of
which the petitioner may be released from custody
pending the appeal.

The petitioner was arrested and taken into custody
upon a warrant of extradition issued by the gover-
nor of this state.  He thereupon petitioned the supe-
rior court of King county for a writ of habeas corpus.
Upon a hearing, the trial court denied the writ of
habeas corpus.  Petitioner thereupon gave notice of

[1]Reported in 179 Pac. 843.

appeal to this court, and requested the superior court to fix the amount of a supersedeas bond pending the appeal, or for an order fixing the amount of bail for his release pending the appeal. That application was denied, and petitioner perfected his appeal and thereupon applied to this court for the writ of mandate above stated.

In *In re Foye*, 21 Wash. 250, 57 Pac. 825, which was a case where the lower court made an order granting a supersedeas and admitting the appellant to bail pending an appeal from a writ of habeas corpus in an extradition proceeding, we said:

"Respondent now moves this court to vacate and set aside the orders last mentioned, and we are of the opinion that this branch of the motion must be granted. Neither the constitution of the United States nor the law of Congress pertaining to the subject of extradition, nor any law of this state, authorizes the giving of bail in habeas corpus proceedings in extradition cases. It is true that our statute provides that the writ may issue for the purpose of admitting a party to bail who is charged with an offense against the laws of this state, but that statute is wholly inapplicable to cases where a party is in custody by virtue of an extradition warrant. As was well said in the case of *Ex Parte Erwin*, 7 Tex. App. 288, to permit one arrested as a fugitive from justice to go at large upon bail would be to put him in a situation to 'defy the mandate of the court and treat its judgment with contempt.' "

That case, upon the question now presented, has never been overruled or modified. In order to grant the writ in this case, it would be necessary to expressly overrule that case and to direct the lower court to do what we said in that case it had no right to do. We are not disposed to overrule that case upon that point.

The application for the writ is therefore denied.

MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.

FULLERTON, J. (dissenting)—I think the application should be granted. While I concede that the majority correctly state the rule laid down in the case of *In re Foye,* 21 Wash. 250, 57 Pac. 825, I am convinced that that case is wrong in holding that neither supersedeas nor bail can be granted on an appeal from an order of the superior court denying an application for a writ of habeas corpus. The conclusion, it seems to me, is inconsistent with another part of the same opinion in which it is held that an appeal will lie from such an order, and inconsistent with the principle of the many subsequent cases in which we have not only held that such appeals will lie, but have held that a habeas corpus proceeding is a civil and not a criminal proceeding and is governed by the civil practice act relating to the giving of bonds made necessary by that act in order to perfect such an appeal.

I also think the rule wrong for another reason. As is well known, the order denying the writ remands the fugitive to the officer whom the warrant of the governor authorizes to receive him, who is thereby permitted to forthwith remove the fugitive from the state. To deny the supersedeas is, in effect, to deny the appeal, since the officer may, by the removal pending the appeal, render the appeal nugatory.

It may be that my brothers think some other remedy is more appropriate to prevent removal than is the remedy here sought; but, if this be the thought, I answer, first, that the civil practice act in terms provides for the remedy, and if it is applicable in part, it ought to be applicable in whole; and second, that forms ought not to be held to govern, and if any remedy is appropriate, this application should be treated as an application for that remedy.