[No. 1324-3.    Division Three.    January 29, 1975.]

THE STATE OF WASHINGTON, *Petitioner*, v. CLARENCE PRITCHETT, *Respondent*.

Jon R. Harlan, Prosecuting Attorney, and J. Eric Gustafson, Deputy, for petitioner.

Robert B. Royal, for respondent.

MUNSON, J.—The State seeks a writ of certiorari to review the trial court's granting of bail to respondent after he had been arrested on a Governor's extradition warrant.

Defendant was charged with being a fugitive from the State of Texas on a pending felony charge. He was arrested and arraigned upon the fugitive charge in Yakima County and admitted to bail pending completion of extradition procedures. On October 9, 1974, the Governor of this State issued a warrant of arrest and extradition; the defendant was served with that warrant on October 16, 1974. Pursuant to RCW 10.88.290,[1] he was taken before the court and advised of his rights, one of which was that he be allowed a reasonable time within which to apply for a writ of habeas corpus. The defendant indicated his desire to so petition and requested that bail be set. The court again set bail and the defendant was released October 18, 1974. It is from the setting of bail following service of the Governor's warrant that the State has appealed.

There is no specific authorization to allow admitting a person to bail after service of a Governor's warrant. The

---

[1] "No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state: Provided, That the hearing provided for in this section shall not be available except as may be constitutionally required if a hearing on the legality of arrest has been held pursuant to RCW 10.88.320 or 10.88.330."

Uniform Criminal Extradition Act, as codified in RCW 10.88, makes no such provision. It has been the law of this State since *In re Foye,* 21 Wash. 250, 57 P. 825 (1899), and reaffirmed in *State ex rel. Rheinstrom v. Ronald,* 106 Wash. 189, 179 P. 843 (1919), at page 190, that:

> Neither the constitution of the United States nor the law of Congress pertaining to the subject of extradition, nor any law of this state, authorizes the giving of bail in habeas corpus proceedings and extradition cases. It is true that our statute provides that the writ may issue for the purpose of admitting a party to bail who is charged with an offense against the laws of this state, but that statute is wholly inapplicable to cases where a party is in custody by virtue of an extradition warrant.

Another excellent discussion of this issue is found in *State v. Quigg,* 91 Fla. 197, 107 S. 409 (1926); *cf.* 35 C.J.S. *Extradition* § 18-19 (1960); Annot., 63 A.L.R. 1502 (1929).

It is true that there is a minority authority which allows bail to be set upon a Governor's warrant of extradition. An excellent discussion of this view is found in *In re Haney,* 77 Idaho 166, 289 P.2d 945 (1955); *see also Ex parte Hart,* 63 F. 249 (4th Cir. 1894); *Winnick v. Reilly,* 100 Conn. 291, 123 A. 440, 442 (1924); *People ex rel. Meeker v. Baker,* 139 App. Div. 471, 124 N.Y.S. 47 (1910). However, that is not the law of this State.

Defendant also recites facts going to the merits of the charge, *i.e.,* several checks were presented for payment after he had closed his bank account in Texas prior to moving to this state. He also notes a serious medical problem involving his wife which makes his return to Texas extremely burdensome at this time. While we are sympathetic to the defendant's claims, they are not properly before the courts of this state in an extradition proceeding. These claims are more properly made to the Governor prior to the issuance of his warrant.

Therefore, the writ shall issue and the trial court is directed to vacate its order admitting the defendant to bail and to retake him into custody pending his delivery to the demanding state.

McINTURFF, C.J., and GREEN, J., concur.