597 A.2d 997

**Lee Roy THURMAN**

v.

**STATE of Maryland.**

**No. 1939, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Oct. 31, 1991.

Certiorari Denied Feb. 12, 1992.

Kreg Paul Greer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Davis R. Ruark, State's Atty. for Wicomico County of Salisbury, on the brief), for appellee.

José Felipé Anderson, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Argued before BISHOP, CATHELL and DAVIS, JJ.

BISHOP, Judge.

Appellant, Lee Roy Thurman, was charged in the Circuit Court for Wicomico County with various robbery, weapon,

assault, battery, false imprisonment, theft, and conspiracy offenses. After a hearing, the trial court denied Thurman's motion to dismiss, for failure to comply with the Interstate Agreement on Detainers, Md.Ann.Code art. 27, § 616A (1987 & Supp.1991).

Thereafter, on November 23, 1990, Thurman pleaded not guilty to an agreed statement of facts, was found guilty of robbery with a deadly weapon and use of a handgun in the commission of a felony, and was sentenced to twenty years on the robbery count and five years consecutive, on the handgun charge.

### Issue Presented

Appellant Thurman presents the following issue:

Did the trial court properly deny Thurman's motion to dismiss the charges against him on grounds of an alleged violation of the 180–day speedy trial provision of the Interstate Agreement on Detainers?

### Statement of Facts

Thurman was indicted in Wicomico County, Maryland on various charges including robbery with a deadly weapon. While incarcerated at the Federal Correctional Institution in Petersburg, Virginia, Thurman was informed that a detainer had been filed against him. Thurman contacted a Tennessee attorney who helped him to prepare an Interstate Agreement on Detainers Act (IAD) request for final disposition of the outstanding Wicomico County charges. The inside address on Thurman's IAD request form read:

STATE OF MARYLAND
PROSECUTING OFFICERS, and
COURTS OF JURISDICTION
from which indictments,
informations or Complaints
are pending:
COURT: Wicomico Co. Court ...
PROSECUTOR: Wicomico Co. State Attorney Office

The envelope containing the IAD request and the return receipt for certified mail were addressed only to the Circuit Court of Wicomico County. The return receipt indicates that the Clerk of the Circuit Court received the mailing on January 9, 1990.

At the hearing on Thurman's motion to dismiss, Mark Bowen, the Clerk of Court who signed the return receipt, testified that he was not able to locate the envelope and IAD forms among the Circuit Court's papers. He testified that if he received a document addressed as above, he would "[n]ot necessarily" forward it to anyone else. He testified that, even if the Circuit Court did not have an open file on Thurman, there was no set office policy for forwarding the request, although, he may have forwarded such a document to either the District Court or the State's Attorney's Office.

Mary Wright, Administrative Assistant with the Wicomico County State's Attorney's Office, maintained a file for detainers and extradition requests as part of her duties. Wright testified that a case file had been opened for Thurman's case in September 1989, she did not find the IAD request upon searching Thurman's file, and she had no personal knowledge of ever receiving a request from Thurman in January 1990.

Deborah Stanley, District Court Secretary for the State's Attorney's Office, testified that she maintains a file for detainers but it did not contain an IAD request from Thurman and she had no personal knowledge of receiving Thurman's request in January 1990.

Sampson Vincent, the Deputy State's Attorney assigned Thurman's case, testified that he opened a file on Thurman in September 1989, did not find an IAD request upon searching his Thurman file, and had no personal knowledge of ever receiving a request from Thurman.

The trial court found there was evidence that a Notice of Request for Disposition was given to the appropriate court but that there was absolutely no evidence of any attempt to

deliver the notice to the prosecuting officer. The court found as a fact that the IAD request was not delivered to the prosecuting officer. The court concluded that Thurman did not comply with Md.Ann.Code art. 27, § 616D and therefore the 180–day speedy trial clock did not start to run. The court denied Thurman's motion to dismiss.

## Discussion

■ Appellant Thurman asserts that he is entitled to have all charges against him dismissed because the State failed to bring him to trial within 180 days after receiving his request for final disposition, pursuant to the Interstate Agreement on Detainers, Md.Ann.Code art. 27, § 616D. He argues that by sending one copy of the IAD notice and request to the Circuit Court of Wicomico County, he fulfilled the notice requirements under § 616D because the Circuit Court had a duty to send the IAD notice and request to the State's Attorney's Office. We hold that Thurman did not satisfy the notice requirements of § 616D necessary to invoke the statutory benefit of a trial within 180 days and is therefore not entitled to a dismissal.

Article 27, § 616D sets forth the procedures whereby a prisoner incarcerated outside of Maryland may bring about the disposition of untried charges against him in the State of Maryland. Section 616D provides in pertinent part that:

(a) *Notice of imprisonment and request for disposition; time of trial;* ...—Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, ... on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after *he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction* written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment....

(b) *To whom notice and request sent.*—The written notice and request for final disposition referred to in subsection (a) hereof shall be given or sent ... to *the appropriate prosecuting official and court* by registered or certified mail, return receipt requested.

(Emphasis added.) Subsection 616D(a) has been further supplemented by the Maryland Legislature with § 616Q which states:

As to any request by a person imprisoned in another party state for trial in this State, written notice shall not be deemed to have been caused *to be delivered to the prosecuting officer and the appropriate court* of this State in accordance with § 616D(a), ... *until such notice or notification is actually received by the appropriate court and by the appropriate State's attorney of this State,* his Deputy, an assistant, or any other person empowered to receive mail on behalf of the State's Attorney.

Md.Ann.Code art. 27, § 616Q (emphasis added). The purpose of these notice requirements is to ensure that the operative State officials are aware of the prisoner's request so that they may take steps, within the prescribed time limits, to bring the pending case to trial. *State v. Barnes,* 273 Md. 195, 209, 328 A.2d 737 (1974). The language in § 616Q makes clear the legislative intent to restrict and clarify the notice provision of § 616D(a) so that the 180 day period does not begin to run until the prisoner's notice and request are actually received by the appropriate prosecuting officer and court in this State. *Davidson v. State,* 18 Md.App. 61, 67, 305 A.2d 474 (1972). "This supplemental section ... prevents a prisoner from becoming entitled to the dismissal of charges against him in situations where the prosecutor and the trial court do not have actual notice of his request." [1] *Id.*

---

**1.** This court noted that contrary results have been reached in jurisdictions without supplemental provisions to the IAD comparable to § 616Q. *Davidson,* 18 Md.App. at 67, 305 A.2d 474.

In *Hines v. State*, 58 Md.App. 637, 649, 473 A.2d 1335 (1984), we affirmed that the notice provisions of § 616D(a) are "mandatory and not directory," and that the burden is on the prisoner to request the benefits of the Interstate Agreement on Detainers in the appropriate manner. *Id.* at 649–50, 473 A.2d 1335 (quoting *Isaacs v. State*, 31 Md.App. 604, 611, 358 A.2d 273 (1976)). The requirement that notice be delivered by certified mail is to provide corroboration for bald assertions that notice was given and a means to trace and establish the date of receipt should a dispute arise concerning delivery. *Barnes*, 273 Md. at 209, 328 A.2d 737. Even when a statute requires that notice be given by registered mail, it has been held that notice actually received, though not by registered mail, is valid because the intent of the statute is to insure actual notice. *Id.* at 210, 328 A.2d 737.

In the case *sub judice*, however, there is neither technical compliance with the statute nor compliance with the intent of the statute. No notice was sent to or actually received by the State's Attorney's Office. Thurman concedes that he mailed, by certified mail return receipt requested, only one copy of his IAD request to the Circuit Court for Wicomico County. At the hearing on the motion to dismiss, the Clerk of Court testified that it was not the policy of the court to forward documents, as Thurman's request was addressed, to the State's Attorney's Office. In addition, the Administrative Assistant, the District Court Secretary, and the Deputy State's Attorney assigned to Thurman's case, all of whom were responsible for keeping a copy of such a request, testified that Thurman's IAD notice and request were not in their respective files and that they had no personal knowledge of having received them.

A very similar set of facts to those in the case *sub judice*, were presented in *Williams v. Maryland*, 445 F.Supp. 1216 (D.Md.1978). In that case, the petitioner failed to mail the certificate required by § 616D(a), and he personally contacted only the court, not the state's attorney's office. The court found that the State had not violated the IAD because

the petitioner failed to comply with the formal notice requirement of the Act, Md.Ann.Code article 27, § 616D. The court stated:

> Although strict compliance with each particular of the notice requirement may not be mandatory, *see, e.g., State v. Barnes,* 273 Md. 195, 328 A.2d 737 (1974), more is required than merely addressing a request to one of the persons required by statute to be notified.... The notice provision of the IAD was obviously enacted to ensure adequate notification to the state, and its particulars may not be ignored totally.... A prisoner seeking to benefit from the statute must first meet the burden of compliance with the Act. Petitioner, having failed to satisfy the notice prerequisites of the Act ... may not now complain that he was denied its benefits. *See Beebe v. Vaughn,* 430 F.Supp. 1220, 1223–24 (D.Del.1977); *Isaacs v. State,* 31 Md.App. 604, 358 A.2d 273, 276–79 (1976).

*Id.* at 1220.

■ We agree. We hold the language of the statute makes perfectly clear the notice requirements for invoking the benefits of the statute. It requires that the prisoner notify *both* the State's Attorney's Office *and* the appropriate court. There is no basis in the statute for finding a duty on the part of the Circuit Court to notify the State's Attorney's Office on behalf of the prisoner, as urged by the Appellant. Merely delivering one copy of the IAD request to one of the persons required by the statute to be notified is not sufficient. We conclude that the trial court did not err when it found, from the evidence, that Thurman did not deliver notice to the State's Attorney's Office and that the State's Attorney's Office did not, in fact, receive notice of Thurman's IAD request. Therefore, we affirm the trial court's denial of Thurman's motion to dismiss. Because we affirm, it is unnecessary to address other issues raised by Appellee, State of Maryland.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.