[No. 13656-6-III.  Division Three.  July 18, 1995.]

THE STATE OF WASHINGTON, *Appellant*, v. ULYSSES H. ROBERSON, *Respondent*.

*John M. Jones, Assistant Attorney General*, for appellant.

*John G. Ziegler*, for respondent.

MUNSON, J. — The State of Washington appeals the trial court's order enjoining it from honoring any request for temporary custody of Ulysses H. Roberson by El Dorado County, California. We hold a governor's extradition warrant is not a detainer under the Interstate Agreement on Detainers (IAD) and vacate the order of the trial court.

In September 1991, Mr. Roberson was charged with child concealment, a felony, in El Dorado County, California. California requested extradition, and on November 22, Washington's Governor issued a warrant of arrest and extradition. That same day the warrant was sent to the King County Jail where Mr. Roberson was in custody awaiting trial on two felony charges.

In early 1992, Mr. Roberson was convicted of the two

felonies in King County. On February 14, he was sentenced to 57 months' imprisonment on one and on June 3 sentenced to 171 months on the other, to be served consecutively. He remained in the King County Jail until September 4, 1992, when he was transferred to the Washington Correction Center (WCC) at Shelton. The Governor's warrant accompanied him to Shelton, but WCC returned the warrant to the Governor's office. On November 5, Mr. Roberson was ordered transferred to the Washington State Penitentiary at Walla Walla.

On September 16, 1992, while Mr. Roberson was at WCC, his attorney wrote to WCC requesting Mr. Roberson be transferred to California for final disposition of the charges there. The request was based on the IAD, RCW 9.100.010. Mr. Roberson's attorney also wrote to the El Dorado County prosecutor, requesting speedy disposition of the charges.

El Dorado County filed a formal detainer under the IAD with the state penitentiary on February 22, 1993, and on March 9 filed a request for temporary custody under the IAD. Mr. Roberson then requested a habeas corpus hearing to determine the legality of the detainer and request for temporary custody. After the hearing, the trial court concluded the Governor's extradition warrant was a detainer and that the time-for-trial requirements of the IAD had been exceeded. The court enjoined the State from honoring the request for temporary custody.

The issues raised in this appeal involve the IAD. Generally, the IAD applies where a person charged with a crime in one state is imprisoned in another. The requesting state may file a detainer with the prison authorities notifying them the prisoner has been charged with a crime. The IAD is a congressionally sanctioned interstate compact, the interpretation of which presents questions of federal law. *Cuyler v. Adams*, 449 U.S. 433, 66 L. Ed. 2d 641, 101 S. Ct. 703 (1981). Thus, the United States Supreme Court interpretations of the IAD are binding upon this court. Two provisions of the IAD are central to the issues raised here. Article III of the IAD states:

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint *on the basis of which a detainer has been lodged against the prisoner*, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition . . . .

(Emphasis added.) Article IV states:

(a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody . . . .

. . . .

(c) In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state . . . .

Thus, once a detainer has been filed the charges can quickly be resolved; it is not necessary to wait until the prisoner has completed his sentence. If the prisoner requests resolution of the charges, the trial must be within 180 days of that request. If the State requests temporary custody, the trial must be within 120 days of the prisoner's arrival in the receiving state, here, California.

The State contends the trial court erred in concluding the Governor's extradition warrant constituted a detainer for the purposes of the IAD. In *United States v. Mauro*, 436 U.S. 340, 359, 56 L. Ed. 2d 329, 98 S. Ct. 1834 (1978), the court addressed detainers under the IAD:

The Agreement itself contains no definition of the word "detainer." The House and Senate Reports, however, explain that "[a] detainer is a notification filed with the institution in

which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction."

The Court held, however, a federal writ of habeas corpus ad prosequendum seeking delivery of a state prisoner was not a detainer. The Court reasoned the purpose of the IAD was to prevent detainers remaining lodged against a prisoner for long periods of time without resolution of the underlying charge. Because a writ of habeas corpus ad prosequendum is a demand for immediate custody of the person, that problem does not exist.

██ Governors' extradition warrants are demands for immediate custody of the person; some courts have held they are not detainers. *See, e.g., Colorado v. Quackenbush*, 687 P.2d 448, 451 (Colo. 1984); *State ex rel. Bailey v. Shepard*, 584 F.2d 858 (8th Cir. 1978), *cert. denied*, 440 U.S. 926 (1979). We agree. Here, the IAD did not come into play until February 22, 1993, when the El Dorado County prosecutor filed the detainer against Mr. Roberson. Mr. Roberson's efforts to expedite trial on the California charges did not trigger the time limits of Article III of the IAD because no detainer had been lodged against him. *Carchman v. Nash*, 473 U.S. 716, 718-19, 87 L. Ed. 2d 516, 105 S. Ct. 3401 (1985); *Mauro*, 436 U.S. at 343.

██ Even if a detainer had been lodged against Mr. Roberson, his request for final disposition was inadequate to trigger the 180-day limit of Article III. A request for speedy disposition under the IAD must be accompanied by a certificate from the official having custody of the prisoner. RCW 9.100.010, Art. III(a). It must be sent by certified or registered mail, and must be sent to both the prosecutor and the court. RCW 9.100.010, Art. III(b). A prisoner must strictly comply with these requirements to trigger the 180-day clock. *Johnson v. Stagner*, 781 F.2d 758, 761-62 (9th Cir. 1986); *see also Casper v. Ryan*, 822 F.2d 1283 (3d Cir. 1987) (no certificate), *cert. denied*, 484 U.S. 1012 (1988); *Thurman v. Maryland*, 89 Md. App. 125, 597 A.2d 997 (1991) (not sent to both prosecutor and court),

*cert. denied*, 325 Md. 397 (1992); *New Mexico v. Tarango*, 105 N.M. 592, 734 P.2d 1275 (Ct. App. 1987) (not sent by certified or registered mail), *rev'd in part on other grounds in Zurla v. New Mexico*, 109 N.M. 640, 789 P.2d 588 (1990). Mr. Roberson's request did not meet these requirements. Further, the 180 days does not begin to run until actual delivery to the court and prosecuting officer of the jurisdiction that lodged the detainer. *Fex v. Michigan*, 507 U.S. 43, 122 L. Ed. 2d 406, 113 S. Ct. 1085 (1993). *See also State v. Morris*, 126 Wn.2d 306, 892 P.2d 734 (1995).

It appears the Department of Corrections may have misconstrued the law, at least as to extraditions. In the State's brief, it states the Governor's warrant was returned to the Governor's office because, upon Mr. Roberson's "superior court commitment to the Washington Department of Corrections, he was no longer subject to extradition". Appellant's Br. at 19. Under RCW 10.88.380, the Governor may choose to surrender a person to another state or hold the person until tried and, if convicted, until punished. Under RCW 10.88.390, the Governor may recall an extradition warrant at any time. The extradition warrant here does not include an expiration date, there is no indication the Governor wanted to hold Mr. Roberson until his commitment expired, and there is no indication that the warrant was recalled by the Governor. Likewise, the language of the warrant does not indicate Mr. Roberson was not to be extradited if criminal proceedings were underway in Washington. On the record before us, there seems to be no reason not to honor the warrant.

We vacate the order of the trial court.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

Review denied at 128 Wn.2d 1005 (1995).