# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CHRISTIAN LANCE SAYRE,<br><br>     Appellant,<br><br>   v.<br><br>ADAM FORTNEY, Snohomish County<br>Sheriff, SCOTT ROBERTSON, Jail<br>Bureau Chief,<br><br>     Respondents. | No. 85840-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Christian Lance Sayre appeals the superior court's denial of his habeas corpus petition, challenging the court's determination that it had no discretion to set bail following service of a governor's extradition warrant. Both parties agree we review the trial court's decision for abuse of discretion. Because Washington does not authorize the granting of bail to individuals held after issuance of a governor's extradition warrant, we affirm.

Sayre was arrested and charged with several sex offenses in Snohomish County in January 2022. He was released on bail. Later that month, he was indicted for six sex crimes in Oregon. Governor Jay Inslee issued a governor's extradition warrant, authorizing Washington law enforcement to take Sayre into custody and deliver him to Oregon, provided that he not be delivered "until full completion of any and all criminal charges pending against him in the State of

Washington." Sayre was arrested pursuant to the governor's warrant, and the superior court ordered him held with no bail. While awaiting trial on his Washington charges, Sayre filed a petition for writ of habeas corpus, which he then amended, arguing that his detention without bail was unlawful. Following a hearing, the superior court denied the petition. Relevant here, the court held:

> To the extent any of the petitioner's claims are cognizable, they are without merit, as this State does not authorize granting bail to petitioners held pursuant to a Governor's Warrant. *Pritchett*, 12 Wn. App. at 674-75

The court added: "the court believes that it does not have any discretion on this matter." *Id.* This timely appeal followed.

Sayre asserts that the trial court had—and failed to exercise—discretion to set bail under Washington law. Such an error is sufficient to constitute an abuse of discretion. *Mainline Rock & Ballast, Inc. v. Barnes, Inc.*, 8 Wn. App. 2d 621, 623, 439 P.3d 676 (2019) (trial court abused its discretion where it "misread the law and failed to exercise its discretion under the statute"). But as the superior court correctly noted, Sayre's argument is contrary to controlling precedent. Like numerous other states, Washington has enacted a version of the Uniform Criminal Extradition Act (UCEA), codified in RCW 10.88, to establish the procedures by which it will facilitate interstate extradition. Under RCW 10.88.220, the governor of a requesting state may demand extradition by furnishing required documentation. After reviewing the documentation, if the governor of the receiving state "decides that the demand should be complied with, he or she shall sign a warrant of arrest." RCW 10.88.260. But where, as here, a criminal proceeding has been instituted against such person under the laws of this state, the governor "may surrender him or her on demand of the executive authority of another state

or hold him or her until he or she has been tried and discharged or convicted and punished in this state." RCW 10.88.380; *see State v. Roberson*, 78 Wn. App. 600, 606, 897 P.2d 443 (1995) ("Under RCW 10.88.380, the Governor may choose to surrender a person to another state or hold the person until tried and, if convicted, until punished.").

Most states that have adopted the UCEA do not authorize admitting a person to bail after service of a governor's extradition warrant. *See People v. Superior Court (Ruiz)*, 187 Cal. App. 3d 686, 689 (1986) (UCEA adopted by California "does not provide for bail, and the majority of American jurisdictions deny bail in extradition procedures, albeit by judicial decision rather than by statute"). As the superior court here correctly stated, *State v. Pritchett*, 12 Wn. App. 673, 675, 530 P.2d 1348 (1975), squarely addresses this issue. The trial court there granted bail to Pritchett after he had been arrested on a governor's extradition warrant. The State argued that the trial court lacked authority to do so, and Division Three of this court agreed, noting:

> It has been the law of this state since *In re Foye*, 21 Wash. 250, 57 P. 825 (1899), and reaffirmed in *State ex re. Rheinstrom v. Ronald*, 106 Wash. 189, 179 P. 843 (1919) that:
>
> > "neither the Constitution of the United States nor the law of Congress pertaining to the subject of extradition, nor any law of this state, authorizes the giving of bail in . . . extradition cases."

*Pritchett*, 12 Wn. App. at 675 (quoting *Rheinstrom,* 106 Wash. at 190). Division Three then directed the trial court to "vacate its order admitting the defendant to bail and to retake him into custody pending his delivery to the demanding state." *Id.* Consistent with *Pritchett*, a leading treatise in Washington similarly states, "After the fugitive is arrested on a governor's warrant, he is not entitled to bail." Extradition in general—Governor's warrant and no bail, 13 ROYCE A. FERGUSON,

WASHINGTON PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 5209, at 523 (3d ed. 2004).

Applying these settled legal principles, the superior court here did not abuse its discretion in ruling that Sayre—like Pritchett—was not entitled to bail because he was held pursuant to a governor's warrant.  Also like Pritchett, Sayre relies on the minority view among other states adopting versions of the UCEA, which allows bail to be set upon a governor's warrant.  Responding to the same argument in *Pritchett*, Division Three stated: "It is true that there is a minority authority which allows bail to be set upon a governor's warrant of extradition. . . .  However, that is not the law of this state." *Pritchett*, 12 Wn. App. at 675*.*  Here too, the cases cited by Sayre are "not the law of this state."  And contrary to Sayre's argument that "*Pritchett* is easily distinguished on its facts," the court there squarely addressed the dispositive issue in this appeal and its holding is consistent with both the majority view in other states and Washington Practice.

Because Washington law does not authorize the granting of bail to individuals held after issuance of a governor's extradition warrant, we affirm.

Feldman, J.

WE CONCUR:

Bruman, J                          Duyn, J.

- 4 -