**Prasan MEECHAICUM,**
**Petitioner-Appellant,**

**v.**

**James H. FOUNTAIN, Sheriff of Reno County, Kansas; and J. Stanley Hill, District Judge, 27th Judicial District, Respondents-Appellees.**

No. 82–1600.

United States Court of Appeals, Tenth Circuit.

Submitted on the Briefs Pursuant to Tenth Circuit Rule 9.

Jan. 7, 1983.

Robert L. Taylor, Hutchinson, Kan., for petitioner-appellant.

Joseph L. McCarville, III, Reno County Atty., Hutchinson, Kan., for respondent-appellee James H. Fountain.

Before SETH, PICKETT and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Petitioner, a resident of Kansas, was convicted of burglary in Texas, sentenced, and placed on probation during a visit there in 1981. Upon probation he returned to his home in Kansas. In March 1982, petitioner was arrested and jailed on a burglary charge under Kansas law in Reno County, Kansas. During this confinement, another Kansas criminal charge was filed against him, and Texas began extradition proceedings against him for a probation violation in connection with his Texas conviction. Petitioner posted bond on all three matters and was released from jail on April 8, 1982. The next day he was rearrested upon execution of a governor's extradition warrant, and has since been held without bail.

Petitioner brought this habeas corpus proceeding under 28 U.S.C. §§ 2254, 2241 (1976), alleging that he is being denied his constitutional rights to bail and to liberty in violation of the Eighth and Fourteenth Amendments. The district court, 537 F.Supp. 1098, concluded that petitioner was not denied his constitutional rights. The court noted that both Texas and Kansas have adopted the Uniform Criminal Extradition Act, which has no provision allowing bail after the execution of a governor's warrant. The court cited the general rule that in the absence of such a provision, a prisoner held under a governor's warrant of extradition has no right to bail. Because the states are free to deny bail completely in appropriate cases, the court concluded that the state's denial of bail to petitioner

was not unconstitutional. Under the facts at issue here, however, this analysis is incomplete.

■ We join those circuits which have concluded that the Eighth Amendment's excessive bail provision is integral to our concept of ordered liberty and therefore binding upon the states under the Fourteenth Amendment. *See, e.g., Hunt v. Roth,* 648 F.2d 1148, 1156 (8th Cir.1981), *vacated as moot,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982); *Sistrunk v. Lyons,* 646 F.2d 64, 71 (3d Cir.1981); *United States ex rel. Goodman v. Kehl,* 456 F.2d 863, 868 (2d Cir.1972). A pretrial detainee's "traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction." *Stack v. Boyle,* 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951). The right to bail is "a fundament of liberty underpinning our criminal proceedings," *Sistrunk,* 646 F.2d at 70, and an essential guardian of the presumption of innocence, *Stack,* 342 U.S. at 4, 72 S.Ct. at 3.

■ The Eighth Amendment's prohibition against excessive bail "is the foundation of a bail system which, by conditioning release on the offer of financial security, seeks to reconcile the defendant's interest in, and society's commitment to, pretrial liberty with the need to assure the defendant's presence at trial." *Sistrunk,* 646 F.2d at 68; *see Stack,* 342 U.S. at 5, 72 S.Ct. at 3. Bail is excessive when set at an amount higher than necessary to insure the appearance of the accused at trial. *Id.* at 5, 72 S.Ct. at 3. Because the practical effect of excessive bail is the denial of bail, logic compels the conclusion that the harm the Eighth Amendment aims to prevent is the unnecessary deprivation of pretrial liberty. *See Sistrunk,* 646 F.2d at 70 n. 23; *United States ex rel. Goodman v. Kehl,* 456 F.2d 863, 868 (2d Cir.1972).

■ Moreover, the right of an accused to freedom pending trial is inherent in the concept of a liberty interest protected by the due process clause of the Fourteenth

Amendment. *Atkins v. Michigan,* 644 F.2d 543, 549 (6th Cir.), *cert. denied,* 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981). Because this liberty interest is denied by the statutory elimination of bail under specific circumstances, state statutes restricting bail must be rational, reasonable, and nondiscriminatory. *United States ex rel. Covington v. Coparo,* 297 F.Supp. 203, 206 (S.D.N.Y.1969); *see also Sistrunk,* 646 F.2d at 70. Thus, bail may not be denied "without the application of a reasonably clear legal standard and the statement of a rational basis for the denial." *Atkins,* 644 F.2d at 549.

As noted above, Kansas has adopted the Uniform Criminal Extradition Act. *See* Kan.Stat.Ann. §§ 22–2701 to –2730 (1981). There is no provision in the Uniform Act for bail after a governor's extradition warrant has been executed, as was done here. The majority of courts have decided that, absent such a statutory authorization, a defendant detained by a governor's warrant has no right to bail. *See, e.g., Deas v. Weinshienk,* 188 Colo. 17, 533 P.2d 496, 497 (1975); *State v. Second Judicial Dist. Court,* 86 Nev. 531, 471 P.2d 224, 225 (1970); *cert. denied,* 401 U.S. 910, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971); *State v. Pritchett,* 12 Wash.App. 673, 530 P.2d 1348, 1349 (1975).

"The rationale of these decisions is that because the fugitive is being held for another state he should be readily available to be turned over to those who arrive to return him. A presumption exists that the demanding state will accord the fugitive all his legal rights, including that of bail."

*Deas,* 533 P.2d at 497.

"When a fugitive is held under executive warrant of extradition, it is entirely appropriate and just that his right to bail be tested by the laws of the demanding state, where he is charged with crime, and where his guilt or innocence must be judicially determined, and not by the laws of the asylum state which holds him solely for the purpose of rendition."

*State v. Second Judicial Dist. Court,* 471 P.2d at 227 (quoting *State ex rel. Stringer v. Quigg,* 91 Fla. 197, 107 So. 409, 412 (1926)).

We need not decide whether a state may constitutionally deny bail when a detainee is held by the asylum state *solely* for the purpose of extradition. Here petitioner is not only being held awaiting extradition, but is also being held by Kansas authorities to face the Kansas criminal charges as permitted under the Uniform Act.[1] Indeed, detention pursuant to the Kansas charges appears to take precedence since petitioner alleges that he will not be extradited until the Kansas charges are disposed of, and Kansas does not deny this allegation.

These Kansas crimes are indisputably bailable offenses; petitioner has already been bailed once under Kansas law on these same charges. Denial of bail pending extradition is based on the presumption that the detainee will be promptly extradited and provided his legal right to bail in the demanding state. That rationale is inapplicable to the particular facts of this case and cannot, therefore, logically justify denial of bail to petitioner. The Kansas charges preclude petitioner's extradition and his opportunity to apply for bail in Texas; at the same time, the extradition warrant has been construed to prevent his bail on the Kansas charges. Such a situation is constitutionally impermissible. We conclude that so long as petitioner is being held by Kansas to face Kansas charges, he is entitled to be considered for bail under Kansas law. The order of dismissal is reversed and the case remanded for further proceedings in light of this opinion.

1. The Uniform Act provides:

   "*Persons under criminal prosecution in this state at time of requisition.* If a criminal prosecution has been instituted against such person under the laws of this state and is still pending, the governor, in his discretion, either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this state."
   Kan.Stat.Ann. § 22–2719.