The Honorable Paul Bosson Prosecuting Attorney 18th Judicial District 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Bosson:
This is in response to your request for an opinion on the following question:
 May a Circuit Court set a bond for an individual once the Governor has issued his extradition warrant and the defendant has filed a writ of habeas corpus?
In my opinion, the answer to your question is "no" under Arkansas law.
The majority of the courts that have addressed this issue have determined that, absent specific statutory authorization, an individual has no right to bail following the issuance of a governor's warrant of extradition. See Meechaicum v.Fountain, 696 F.2d 790 (10th Cir. 1983); Ford v. Thirty-SixthDistrict Court Judge, 187 Mich. App. 452, 468 N.W.2d 260 (1991). Some of these courts have held that following the issuance of the governor's warrant of extradition, any bail previously set must be revoked and that bail may not be reinstated or granted anew.See, e.g., Ford v. Thirty-Sixth District Court Judge,supra. The stated rationale of these decisions is that because the fugitive is being held for another state he should be readily available to be turned over to those who arrive to return him.Id.; Meechaicum v. Fountain, supra. Additionally, a presumption exists that the demanding state will accord the fugitive all his legal rights, including that of bail. Id.
Further, it is generally thought to be more appropriate that the accused's right to bail be tested by the laws of the state where he is charged with a crime, rather than by the laws of the state that holds him solely for the purpose of extradition. Id. A minority of courts, however, adhere to the view that the right to bail continues even after the issuance of a governor's warrant of extradition, based upon a court's inherent power to set bail.
It appears that Arkansas courts follow the majority view on this issue. In Cadle v. Cauthron, 266 Ark. 419, 584 S.W.2d 6 (1979), the Arkansas Supreme Court held that the right to bail terminates upon the issuance of the governor's warrant of extradition and that, after that point, the only proceeding available to an accused is by petition for writ of habeas corpus, in which the court's consideration is limited to two issues: the identity of the accused and whether he is a fugitive. Based upon the court's opinion in Cadle and upon the fact that the Uniform Criminal Extradition Act, which Arkansas has adopted, does not specifically authorize the setting of bail following the issuance of the governor's extradition warrant, see A.C.A. 16-94-201
through 231 (1987) and Ford v. Thirty-Sixth District CourtJudge, supra, it is my opinion that Arkansas law does not authorize a circuit court to set bail for an individual following the issuance of the governor's warrant.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh