2020 IL App (2d) 190488
Nos. 2-19-0488 & 2-19-0489 cons.
Opinion filed December 29, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Nos. 16-CF-1382, 17-CF-1348 |
| ROBBY PATTON, | ) ) ) | Honorable David P. Kliment, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Robby Patton, was charged, in case No. 16-CF-1382 (the 2016 case), with two

counts of theft (720 ILCS 5/16-1(a)(1) (West 2014)) and, in case No. 17-CF-1348 (the 2017 case),

with unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)). The trial

court later dismissed the indictments on the basis that it had set defendant's bail at an excessive

amount. The State timely filed a certificate of impairment and a notice of appeal in each case. We

granted the State's motion to consolidate the appeals. For the reasons that follow, we reverse and

remand.

¶ 2                              I. BACKGROUND

¶ 3     On August 12, 2016, defendant was charged by complaint in the 2016 case with two counts of theft (720 ILCS 5/16-1(a)(1) (West 2014)). An arrest warrant was issued; bail was set at $10,000, with 10% to apply. On September 7, 2016, defendant appeared and was released on a $10,000 personal recognizance bond.

¶ 4     On October 5, 2016, defendant failed to appear at a scheduled court appearance. An arrest warrant was issued; bail was set at $25,000, with 10% to apply. Defendant was arrested on October 12, 2016. He was released on October 17, 2016, after a surety posted $2500 bond.

¶ 5     On November 2, 2016, an indictment was filed in the 2016 case, charging defendant with two counts of theft (*id.*).

¶ 6     On July 17, 2017, defendant was arrested and charged by complaint in the 2017 case with unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)). Bail was set at $30,000, with 10% to apply. Defendant was released on July 24, 2017, after a surety posted $3500 bond.

¶ 7     On August 11, 2017, defendant failed to appear at a scheduled court appearance. An arrest warrant was issued in the 2017 case; bail was set at $50,000, with 10% to apply. An arrest warrant was also issued in the 2016 case; bail was set at $40,000, with 10% to apply.

¶ 8     Defendant was arrested on August 22, 2017. On August 23, 2017, defendant filed a motion for bond reduction in each case. On August 25, 2017, a surety posted $9500 bond and defendant was released. However, defendant failed to appear at a hearing later that same day, and the court issued an arrest warrant with no bond set. On September 1, 2017, defendant filed a motion to quash the warrant. He failed to appear at the hearing on September 8, 2017. The trial court denied the motion and continued the warrant.

¶ 9     On December 5, 2017, defendant was arrested and held with bond revoked.

¶ 10    On December 20, 2017, an indictment was filed in the 2017 case, charging defendant with unlawful possession of a weapon by a felon (*id.*).

¶ 11    On May 25, 2018, defendant filed a motion to reinstate bond and for release *instanter*, which was denied on June 1, 2018.

¶ 12    On June 20, 2018, private counsel entered an appearance on behalf of defendant and filed a motion to exonerate the bond. The motion asserted: "The purpose of posting bail is to secure Defendant's appearance in a case. Here because Defendant is, in fact, incarcerated, and unable to post further bail, the issue of his appearance in Court would be moot." On June 27, 2018, the trial court ordered that the bail bond, less fees, be refunded to defense counsel.

¶ 13    On November 1, 2018, the parties were before the trial court. The State asked the court to reinstate defendant's bond, due to its belief that a 90-day speedy-trial time frame applied and that the trial would not take place during that time.[1] The State also commented: "The defendant is currently on warrant status in Will County and has a warrant out for his arrest for a mob action. In addition, he has two holds from Wisconsin, both for burglary in two different counties." The court commented that "defendant exonerated his bond" and that "the reason he's being held without bond is at basically his request." Defense counsel responded that defendant "has ties to the community. And whenever he's failed to appear and he has failed to appear, he has been found in the City of Aurora." The court stated:

_____

[1] In his brief, defendant notes that both parties below appeared to be under the misapprehension that revocation of defendant's bail triggered the 90-day speedy-trial time frame (see 725 ILCS 5/110-6(f)(4) (West 2018)). Defendant states that he has not found any authority suggesting that defendant was subject to a 90-day time frame nor does he argue that he was.

"Well, that's kind of the key phrase in the bond I am about to set is the fact that he was found and picked up. Shouldn't have to find him and he knows that.

So, I am going to set bail in each case at $250,000, ten percent to apply."

¶ 14    On November 28, 2018, defendant filed a motion to dismiss the indictments in each case, raising three arguments. First, defendant argued a "Violation of the Bail Code 725 ILCS 5/110-6(a)" because defendant was not brought to trial within 90 days of his demand. In support, he asserted that the $500,000 bond set on November 1, 2018, was "so excessive that it cannot be considered a Constitutional bond, and therefore does not stop the 90 day period under this statute." Second, he argued a violation of his constitutional right to a speedy trial. And, third, he asserted a violation of his statutory right to a speedy trial.

¶ 15    On December 14, 2018, the trial court ruled on defendant's motion, stating as follows:

"After going through a brief history, the motion lays out three different separate basis [*sic*] for dismissing the indictment in this case. First is the violation of bail bond call—bail bond code at 725 ILCS 5/110-6(a). The second was the due process violation of the U.S. Constitution. And, finally, Part C was violation of the Illinois speedy trial statute, which is found at 725 ILCS 5/103-5.

The purpose of bail in a case is twofold, to ensure the defendant's appearance in court and to protect the public. Bail in [defendant's] case was set as it was set initially, and then again set at no bail, and then reset at $250,000 on each case to ensure [defendant's] appearance in court, because he had a history of failing to appear in court. The bail that I set at $250,000 in each of the two felony cases was set for the purpose of keeping him in custody so that he would be in court.

In addition to all the cases that the State and the defense have given me, there is a case entitled People *ex rel.* Sammons, S-a-m-m-o-n-s, versus Snow. It's a 340 Ill. 464 case from 1930 that is still good law. And the basic holding in that case is that a bail is excessive where its only purpose is to keep the defendant confined. And that violates the Eighth Amendment's excessive bail provision as applied to the State's [*sic*] Fourteenth Amendment. And that's from People versus Meechaicum, M-e-e-c-h-a-i-c-u-m, versus Fountain, 696 F.2d 790. That's a 10th Circuit case.

I could say that I set bail at that amount for other reasons, but the reason I set it was to keep him in custody. And that, according to the cases, violates the Eighth Amendment prohibition against setting of excessive bail.

Then the question becomes, what is the remedy for that violation of the defendant's rights. He has a trial date on Monday. I could let him out until Monday; but because of the excessive bail, [defendant] has been held in custody—I'm not even getting to the 90 days with no hearing, which there clearly was no hearing after the 90 days. I'm uncertain as to whether a hearing was required. I think, under these particular circumstances, it was within my discretion to hold him without that hearing. I don't think the hearing provisions were applicable in this case, under these circumstances.

But the bail bond statute, I think, required and the case law and the constitution required a bail that was set at a reasonable amount. I believe that that was violated. And I think the only reasonable remedy to give in this case is to grant the motions to dismiss. So I'm going to do that with respect to the two felony matters. I don't know that that's applicable in the misdemeanors."

¶ 16    The State filed a motion for reconsideration. Following a hearing, the trial court denied the motion. This timely appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18    The State contends that the trial court erred in dismissing the indictments for the following three reasons. First, excessive bail is not a cognizable basis for dismissal under section 114-1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-1(a) (West 2018)) or recognized by the supreme court as such. Second, Illinois law provides procedural safeguards against excessive bail, which defendant failed to utilize. And third, even if the trial court had the inherent authority to dismiss the indictment based on a due process violation, defendant failed to establish the requisite prejudice.

¶ 19    Defendant responds that the trial court set bail for an impermissible purpose, *i.e.*, the preventative detention of defendant in violation of defendant's due process rights. Thus, according to defendant, the court's dismissal of the indictments was a proper exercise of its discretion because no remedy existed that could have cured defendant's impermissible detention before trial.

¶ 20    We note that, contrary to the State's argument, the absence of excessive bail as a stated ground for dismissal of the indictment under section 114-1(a) of the Code (725 ILCS 5/114-1(a) (West 2018)) is not dispositive. The supreme court has made clear that the trial court has "inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process *even though that is not a stated ground in section 114-1*." (Emphasis added.) *People v. Lawson*, 67 Ill. 2d 449, 455 (1977); see also *People v. Stapinski*, 2015 IL 118278, ¶ 33 ("[A] trial court has the inherent authority to dismiss an indictment in a criminal case for any reason given in section 114-1 *** or where there has been a clear denial of due process.").

¶ 21 "To support a claim that an indictment should be dismissed because of a due process violation, a defendant must show both actual and substantial prejudice." *People v. Burrows*, 148 Ill. 2d 196, 223 (1992).

"Whether a defendant was denied due process, and whether that denial was sufficiently prejudicial to require the dismissal of the charges, are questions of law, which are reviewed *de novo*. [Citations.] However, once it is determined that a defendant suffered a prejudicial violation of his due process rights, the trial court's decision on the appropriate remedy— whether it be dismissal of the indictment or some other remedy—is reviewed for an abuse of discretion." *Stapinski*, 2015 IL 118278, ¶ 35.

¶ 22 We agree with the State that, even if defendant suffered a violation of his due process rights, dismissal of the indictment was not an appropriate remedy.

¶ 23 The eighth amendment to the United States Constitution, which provides that "[e]xcessive bail shall not be required" (U.S. Const., amend. VIII), applies to the states through the due process clause of the fourteenth amendment (U.S. Const., amend. XIV). See *Meechaicum v. Fountain*, 696 F.2d 790, 791 (10th Cir. 1983) ("[T]he Eighth Amendment's excessive bail provision is integral to our concept of ordered liberty and therefore binding upon the States under the Fourteenth Amendment."). The Illinois Constitution provides that "[a]ll persons shall be bailable by sufficient sureties." Ill. Const. 1970, art. I, § 9. In addition, "[t]he Code reflects a strong preference that bail be available to criminal defendants." *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9. Generally, criminal defendants are to be released on their own recognizance, with "[m]onetary bail *** set only when it is determined that no other conditions of release will reasonably assure the defendant's appearance in court, that the defendant does not present a danger to any person or the community and that the defendant will comply with all conditions of bond." 725 ILCS 5/110-2

(West 2018). In setting bail, "[t]he [trial] court is tasked with determining the amount of bail or any conditions of release that are necessary to reasonably assure the appearance of the defendant, the safety of the community, and the likelihood of compliance with all conditions of bail." *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 10 (citing 725 ILCS 5/110-5(a) (West 2018)). The amount of bail shall not be oppressive. 725 ILCS 5/110-5(b)(2) (West 2018). "[E]xcessive bail should not be required for the purpose of preventing [the defendant] from being admitted to bail." *People v. Ealy*, 49 Ill. App. 3d 922, 934 (1977).

¶ 24    Here, the trial court found that it violated defendant's due process rights when it set defendant's bail at $250,000 in each case for the sole purpose of keeping defendant in custody and that "the only reasonable remedy" was to dismiss the indictments. However, the court failed to first consider whether the imposition of excessive bail was sufficiently prejudicial to warrant the dismissal. See *Burrows*, 148 Ill. 2d at 223 ("a defendant must show both actual and substantial prejudice"). The court commented only that "because of the excessive bail, [defendant] has been held in custody." And, on appeal, defendant argues only that "oppressive pretrial incarceration occurred." But as the State asserts, actual and substantial prejudice in the context of an excessive bail claim would require defendant to establish that, had a lower bond been set, he could have posted the bond and gained his release from custody. Here, defendant's representations to the court revealed that he was unable to post bond. On June 20, 2018, defendant filed a motion to exonerate bond. In that motion, defendant asserted that bond was unnecessary, because defendant was "incarcerated, and unable to post further bail." The court granted that motion. Also, the State points out that when the court set the bond, defendant was on "warrant status in Will County and ha[d] a warrant out for his arrest for a mob action" and had "two holds from Wisconsin, both for burglary in two different counties." Defense counsel did not dispute these assertions. Thus, as the State

asserts, even if defendant was able to post bail, "he had holds that would have landed him in custody in another jurisdiction." Accordingly, defendant cannot show that he was actually and substantially prejudiced by the excessive bail.

¶ 25    In any event, even if we were to hold that defendant was actually and substantially prejudiced, our analysis would not end there. The question becomes whether the trial court abused its discretion in finding that the dismissal of the indictments was an appropriate remedy. See *Stapinski*, 2015 IL 118278, ¶ 35. We hold that it did. First, we note that defendant has failed to direct this court to any decision holding that dismissal of an indictment based on excessive bail was an appropriate remedy. Indeed, even the cases relied on by the trial court did not apply such a remedy. See *Meechaicum*, 696 F.2d at 791 (after holding that the defendant was unconstitutionally denied bail, the court reversed the dismissal of his *habeas corpus* petition and remanded for further proceedings); *People ex rel. Sammons v. Snow*, 340 Ill. 464, 469 (1930) (after holding that the $50,000 bail imposed on the defendant violated his constitutional right to reasonable bail, the court ordered that the defendant be admitted to bail in the sum of $5000).

¶ 26    Moreover, as the State notes, defendant had a procedural avenue under Illinois Supreme Court Rule 604(c)(1) (eff. July 1, 2017) to challenge the excessive bond and obtain relief. See, *e.g.*, *People v. Johnson*, 2019 IL App (3d) 190582 (where the defendant filed an appeal under Rule 604(c), seeking review of the trial court's denial of his motion to reduce his $2 million bail). Illinois Supreme Court Rule 604(c)(1) (eff. July 1, 2017) provides that "[b]efore conviction a defendant may appeal to the Appellate Court from an order setting *** bail or the conditions thereof. As a prerequisite to appeal the defendant shall first present to the trial court a written motion for the relief to be sought on appeal." Illinois Supreme Court Rule 604(c)(2) (eff. July 1, 2017) provides that "[t]he appeal may be taken at any time before conviction by filing a verified motion for review

in the Appellate Court. *** No brief shall be filed. *** The State may promptly file an answer." Defendant did not avail himself of this process. In *Stack v. Boyle*, 342 U.S. 1, 6 (1951), the United States Supreme Court declined to consider the *habeas corpus* claim of unconstitutional bail where the defendants had not followed the proper procedure. The Court stated: "The proper procedure for challenging bail as unlawfully fixed is by motion for reduction of bail and appeal to the Court of Appeals from an order denying such motion." *Id.* Defendant should not now be allowed to obtain dismissal of an otherwise proper indictment based on an excessive bail claim that could have been expeditiously remedied under our supreme court rules. See *People v. Chatman*, 297 Ill. App. 3d 57, 62 (1998) (holding that the trial court exceeded its authority in dismissing an indictment based on insufficient evidence, especially where the defendant did "not lack all recourse against a poorly founded prosecution," in that he could have demanded a speedy trial and forced the State to proceed within a reasonable time on the evidence that it had).

¶ 27                                    III. CONCLUSION

¶ 28    For the reasons stated, we reverse the judgment of the circuit court of Kane County, and we remand for further proceedings.

¶ 29    Reversed and remanded.

---

**No. 2-19-0488**

---

| | |
|---|---|
| **Cite as:** | *People v. Patton*, 2020 IL App (2d) 190488 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, Nos. 16-CF-1382, 17-CF-1348; the Hon. David P. Kliment, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Steven A. Rodgers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | James E. Chadd, Thomas A. Lilien, and Anthony J. Santella, of State Appellate Defender's Office, of Elgin, for appellee. |

---